Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 50078 - 1 | **DATE** | 6/30/2003 |
| **CASE TITLE** | U.S.A. vs. WEBSTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Webster's motion for severance is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | JUL 01 2003 date docketed | 113 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | 6-30-03 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

## MEMORANDUM OPINION AND ORDER

Defendant, Nathaniel R. Webster, has been charged in all counts of a seven-count indictment for various drug-related offenses and money laundering. Four other co-defendants are named in the same indictment along with Webster. This order addresses Webster's motion for severance, filed pursuant to Federal Rule of Criminal Procedure 14.

Webster believes a severance is necessary because the government plans on introducing at trial certain recorded conversations between a cooperating co-defendant and co-defendant Susan L. Dalke in which Dalke apparently implicates Webster. But because Webster cannot compel Dalke to testify, he argues he will be denied his Sixth Amendment right to cross-examine her and the only way to protect that right is to sever his trial from hers. In its response, the government does not dispute it intends to use the recorded conversations at trial but argues instead their use at a joint trial of Webster and Dalke would not violate the Sixth Amendment. The court agrees.

Because Dalke's statements will likely be admissible under the hearsay exception for co-conspirator statements, they do not pose a constitutional problem under the Confrontation Clause. See Fed. R. Evid. 801(d)(2)(E); Bourjaily v. United States, 483 U.S. 171, 182-83 (1987). Whether Dalke's statements satisfy the requirements of Rule 801(d)(2)(E) is another matter, but one better left for trial. As the government further points out, it is possible Dalke's statements may be admitted, with limiting instructions, for nonhearsay purposes. See generally Tennessee v. Street, 471 U.S. 409 (1985). Once again this will have to wait for trial, but it again shows that severing the trial is unnecessary. Finally, to the extent Webster believes this case involves a Bruton problem (e.g., the government seeking to introduce a confession by Dalke that she and Webster were involved in the conspiracy together, see Bruton v. United States, 391 U.S. 123 (1968)), the government has represented it will be able to adequately redact such a confession to protect Webster's Sixth Amendment rights. Webster has not claimed otherwise.

For the reasons stated above, Webster's motion for severance is denied.